DECISION
PER CURIAM.
This matter came before the full court March 15, 2008 for oral argument with Associate Justice Joan Greendeer-Lee, Associate Justice Dennis M. Funmaker and the Honorable Chief Justice Mary Jo Hunter presiding. This matter is an appeal of an adjudicative decision of the Ho-Chunk Nation Insurance Review Commission. The Trial Court issued an Order (Final Judgment) CV05-31 holding for the defendants on April 10, 2007.
The Appellant is a former employee of the Ho-Chunk Nation Casino, where he made $28.40 an hour. Trial Court Order (Final Judgment), 7. On August 24, 2004, the Appellant was injured while moving an air-compressor at work. Id. His employment was terminated on January 31, 2005 as he was unable to meet the requirements of the job. Id. Appellant then filed a claim for Workman’s Compensation benefits with Crawford & Company, which was denied on January 28, 2005. Id. Appellant appealed this decision to the HIRC on February 25, 2005. The HIRC found that the Appellant had healed as of April 20, 2005. Id. Consequently, on September 24, 2005, the Appellee issued its Decision and Order, granting partial relief to the Appellant. Mr. Quimby received disability at five percent but was denied his other four requests of relief.
The Trial Court below explained the arbitrary and capricious standard to be used in reviewing the agency decisions. TV. Ct. Final Judgment at 8-11. The Trial Court asserted that the Appellant failed to meet this standard because his claim rested upon “representations allegedly made to him by his original employment interview regarding the Workman’s Compensation Plan of the Ho-Chunk Nation”. Id. at 11-12. Finally, the Court ruled that the benefits the Appellant requested were outside the scope allowed by the laws of the Nation. Specifically, the Nation’s laws do not provide for compensation for his future impaired earning capacity. Id. at 13.
Appellant makes two legal arguments. First, although he does not couch his claim in the language, he is essentially making an implied contract claim, stating that he was told by Ms. Pembling, Mr. Lonetree, *83 and Mr. Henish that the Nation followed Wisconsin law concerning worker’s compensation. Id. at 5. The Appellant cited Wisconsin law, Chapter 102, Stats, which allows for the impairment of earning capacity. Appellant did not flesh out the elements of an implied contract however.
The second legal argument is based on the laws of the Ho-Chunk Nation. First, Appellant points to the Nation’s Personnel Policies and Procedures Manual which states “temporary disabilities that arise in the course of employment with the Nation are compensable to the state’s worker’s compensation program”. Id. Also, the ERA secretary states that the compensation plan is operated for the benefit of the employees. Paragraph 60(c)(1) provides the basis for coverage with regard to permanency benefits. Id. Paragraph 60(c)(5) incorporates by reference the weekly benefit schedule used by Wisconsin through the Department of Workforce Development. Id. Consequently, Appellant argued that the “impairment of earning capacity works off that weekly benefit schedule.” However, it is entirely unclear what “works off that” means. Appellant concluded that his employment included features comparable the Wisconsin worker’s compensation law, which stops the Nation from asserting that impairment of earning capacity is not recognized as a compensa-ble manner. Id.
Appellee stated that Ho-Chunk Nation and not Wisconsin law should apply and offered several arguments in support of this contention. First, Appellee argued that statements of Lonetree, Henish and Pemblin were never entered into the record as the HIRC denied the request to have them testify. Id. at 7. However, Appellant’s counsel did make an offer of proof as to the individuals who would have testified. Id. Next, Appellee stated that even if the statements were made to Appellant, it does not follow that Wisconsin law would apply. Id. The assurance that the Nation had “comparable” benefits does not mean “exactly the same” benefits as Wisconsin. Id. Appellee notes that while there is a great ambiguity in regards to what was said to Appellant, there is no ambiguity in the fact that the HCN Legislature did not adopt the law of the State of Wisconsin. Id.
The Appellee further argued that the ERA does not authorize the benefits Appellant seeks. The broad statements of “purpose” noted by the Appellant cannot be construed to grant the type of benefits he desires. Id. at 8.
Appellee also alleged that the HIRC’s Decision was not arbitrary or capricious as it was based on the medical statements of Dr. Cederberg. Id. Additionally, the Commission relied on evidence that the complaints were not related to the injury which occurred at the Ho-Chunk Casino. Id. The HIRC also cited to the applicable portions of the worker’s compensation policy, so their decision was not contrary to law.
Finally, Appellee noted that whether the Nation should award the benefits sought by Appellant is not the issue. Id. If the Nation had intended to award those benefits, the language could have been drafted more precisely. Id. Citing Janet Funmaker v. Libby Fairchild, SU 07-05, 7 Am. Tribal Law 61, 66, 2007 WL 5627246 (HCN S.Ct. August 31, 2007) at 7. Appellee asserted that is not the Supreme Court’s job to fix drafting mistakes in Legislation. Id. at 8-9, 7 Am. Tribal Law at 66-67. The Court agrees.
The Trial Court’s ruling is upheld because the Appellant does not provide a basis for altering the HIRC’s decision. Appellee asserts that the Appellant fails to understand the crucial point behind denying his claims: that the expenses were *84 incurred after the end of healing date, which was determined to be April 26, 2005. Appellee Brief at 5-6. Because Appellant does not argue for a different end of healing date, he cannot succeed in overturning the Trial Court’s decision, which was based on the validity of the end of healing date. Id. at 6.
The HIRC’s decision was not arbitrary and capricious, unsupported by substantial evidence or contrary to law. The basis for the HIRC’s Decision was two-fold: 1. It had no authority to award relief for impaired earning capacity. 2. The end of healing date was April 26, 2005, which was determined by Dr. Paul Cederberg, M.D. Id. at 6. The HCN’s workers compensation policy does not allow for payment for medical costs or payment for loss of time past their healing date. Sections 4.010 and 5.011.
CONCLUSION
Based on the foregoing, the Court affirms the Trial Court’s decision in Thomas Quimby v. Ho-Chunk Nation and Ho-Chunk Nation Insurance Review Commission, CV 05-91 (HCN Tr. Ct., April 10, 2007).
It is so ordered. Egi Heshkekjet.